1   Guido Saveri (22349)
    R. Alexander Saveri (173102).
2   Cadio Zirpoli (179108)
    SAVERI & SAVERI, INC.
3   111 Pine Street, Suite 1700
    San Francisco, CA 94111
4   Telephone: (415) 217-6810
    Facsimile: (415) 217-6813
5   guido@saveri.com
    rick@saveri.com
6
    Randy Renick (179652)
7   LAW OFFICES OF RANDY RENICK
    The Marine Building
8   128 N. Fair Oaks Ave.
    Pasadena, CA 91103
9   Telephone: (626) 585-9608
    Facsimile: (626) 585-9610
10  rrr@renicklaw.com

11  Steven Serratore (144252)
    SERRATORE-AMES LLP
12  9595 Wilshire Blvd., Suite 201
    Beverly Hills, CA 90212
13  Telephone: (310) 205-2460
    Facsimile: (626) 205-2464
14  steve@serratoreames.com

15  Attorneys for Plaintiffs Tae Ki Hwang and Eunkyung Hwang

16

17             IN THE UNITED STATES DISTRICT COURT

18          FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

20  TAE KI HWANG and EUNKYUNG              ) Civil Action No.
    HWANG on behalf of himself and all others )
21  similarly situated,                    ) C 07 4891
                                           )
22          Plaintiffs,                    ) COMPLAINT
                                           )
23          vs.                            ) CLASS ACTION    EDL
                                           )
24  KOREAN AIR LINES CO., LTD. and         ) JURY TRIAL DEMANDED
    ASIANA AIRLINES, INC.                  )
25                                         )
            Defendants.                    )
26  _____)

27

28

    CLASS ACTION COMPLAINT

1    Plaintiffs Tae Ki Hwang and Eunkyung Hwang ("Plaintiffs"), on behalf of themselves
2  and on behalf of a class of all those similarly situated, brings this action for treble damages
3  against Defendants Korean Air Lines Co., Ltd. and Asiana Airlines, Inc. ("Defendants") pursuant
4  to Section 1 of the Sherman Act of 1890, 15 U.S.C. § 1 and Section 4 of the Clayton Act of 1914,
5  15 U.S.C. § 15. Plaintiffs makes the allegations herein on personal knowledge or information
6  and belief based upon investigation made by and through his attorneys, as follows:

7                                    **NATURE OF THE CASE**

8    1.    This case arises out of a long-standing, international conspiracy, beginning no
9  later than January 1, 2000, and continuing until at least July 16, 2006 ("Class Period"), among
10  Defendants and their co-conspirators with the purpose and effect of eliminating and suppressing
11  competition for wholesale and passenger fares charged for air travel flights between the United
12  States and Korea ("Air Passenger Services"). Plaintiffs bring this antitrust case seeking redress
13  under the U.S. antitrust laws for the harm caused by this unlawful conspiracy.

14                                **JURISDICTION AND VENUE**

15    2.    Plaintiffs bring this action pursuant to Sections 4 and 16 of the Clayton Act, 15
16  U.S.C §§ 15, 26 to recover treble damages and the costs of suit, including reasonable attorneys'
17  fees, against Defendants and their unnamed co-conspirators for the injuries sustained by Plaintiffs
18  and the members of the class which it represents for violations of Section 1 of the Sherman Act,
19  15 U.S.C. § 1.

20    3.    The Jurisdiction of this Court is based on Section 4(a) of the Clayton Act, 15
21  U.S.C. § 15, 28 U.S.C. § 1337(a) (antitrust jurisdiction), and 28 U.S.C. §1331 (federal-question
22  jurisdiction)

23    4.    Venue is properly laid in this district pursuant to 15 U.S.C. §§ 15, 22, and 26 and
24  28 U.S.C. § 1391(b), (c), and (d) because Defendants are found and transact business in this
25  district and/or the claims arose at least in part in this district.  Defendants regularly and
26  continuously conduct business in interstate and foreign commerce between and among the United
27  States and foreign countries.

28

                                            2

1

## THE PARTIES

2    5.    Plaintiff Tae Ki Hwang is an individual residing in the State of California.

3  Plaintiff directly purchased Air Passenger Services from Defendants during the Class Period, and

4  was damaged as a result of Defendants' unlawful conduct.

5    6.    Plaintiff Eunkyung Hwang is an individual residing in the State of California.

6  Plaintiff directly purchased Air Passenger Services from Defendants during the Class Period, and

7  was damaged as a result of Defendants' unlawful conduct.

8    7.    Defendant Korean Air Lines Co., Ltd. ("Korean Air") has its principal place of

9  business at Korean Air Operations Center, 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea

10  157-712.    During the Class Period, Korean Air engaged in the business of providing Air

11  Passenger Services for passengers located in the United States and elsewhere, including this

12  District.

13    8.    Defendant Asiana Airlines, Inc. ("Asiana") is a Korean corporation headquartered

14  at Kangseo P.O. Box 98 No.47, Osae-Dong, Kangseo-Ku, Seoul, South Korea. Asiana has a 58-

15  plane fleet and provides air transportation services to 17 countries. During the Class Period,

16  Asiana engaged in the business of providing Air Passenger Services for passengers located in the

17  United States and elsewhere, including this District.

18

## UNNAMED CO-CONSPIRATORS

19    9.    On information and belief, other air passenger carriers are co-conspirators with

20  Defendants in their unlawful restraint of trade.    These other co-conspirators have facilitated,

21  adhered to, participated in, and/or communicated with others regarding the conspiracy.

22

## CLASS ACTION ALLEGATIONS

23    10.    Plaintiffs bring this action as a class action under Rules 23(a), (b)(2) and 23(b)(3)

24  of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated.

25  The Class is defined as:

26
27
28

> All direct purchasers of Air Passenger Services provided by
> Defendants and their co-conspirators, at any time from January 1,
> 2000 to July 16, 2006 (the "Class Period"), the exact dates being
> unknown to Plaintiffs. Excluded from the Class are governmental
> entities, Defendants, any subsidiaries or affiliates of Defendants,
> and any of Defendants' co-conspirators, whether or not named in
> this Complaint.

3

CLASS ACTION COMPLAINT

11. The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiffs believe that the members of the Class are geographically dispersed throughout the world, including the United States, and that joinder of all Class members would be impracticable. While the exact number of Class members is unknown to Plaintiffs, Plaintiffs believe that there are at least tens of thousands of members of the Class and that their identities can be learned from the books and records of Defendants and their co-conspirators.

12. Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs and all members of the class purchased Air Passenger Services at artificially maintained, non-competitive prices established by the actions of Defendants and their unnamed co-conspirators in connection with the restraint of trade alleged herein. Plaintiffs and the members of the Class have all sustained damage in that they paid inflated prices for the Air Passenger Services at issue due to Defendants' conduct in violation of federal law as complained of herein.

13. Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and antitrust litigation.

14. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

15. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> a. Whether Defendants conspired or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining, or stabilizing the price of Air Passenger Services that were purchased by the Class;
>
> b. Whether Defendants undertook actions to conceal the unlawful conspiracy or combination described herein; and

4

1

2

3

      c.    Whether Defendants' conduct violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiffs and the Class and, if so, the proper measure of damages.

4       16.    A class action is superior to other available methods for the fair and efficient

5  adjudication of this controversy since joinder of all Class members is impracticable. The

6  prosecution of separate actions by individual members of the Class would impose heavy burdens

7  upon the courts and Defendants, and would create a risk of inconsistent or varying adjudications

8  of the questions of law and fact common to the Class. A class action, on the other hand, would

9  achieve substantial economies of time, effort and expense, and would assure uniformity of

10  decision as to persons similarly situated without sacrificing procedural fairness.

11      17.    The interest of members of the Class in individually controlling the prosecution of

12  separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and

13  prosecution of the action through representatives would be unobjectionable. The amounts at

14  stake for Class members, while substantial in the aggregate, are not great enough individually to

15  enable them to maintain separate suits against Defendants. Plaintiffs do not anticipate any

16  difficulty in the management of this action as a class action.

17  **TRADE AND COMMERCE**

18      18.    During the Class Period, Defendants were major companies in the Air Passenger

19  Services industry.

20      19.    The global market for Air Passenger Services is in the billions of dollars annually.

21      20.    Throughout the Class Period, contracts, invoices for payment, payments, and other

22  documents essential to the provision of Air Passenger Services were transmitted in interstate and

23  international commerce between and among offices of Defendants and their customers

24  throughout the United States and the world, including in this District.

25      21.    Throughout the Class Period, Defendants and their co-conspirators transported

26  substantial numbers of passengers, in a continuous and uninterrupted flow of interstate and

27  foreign commerce, between various airports in the United States and Korea.

28

5

1    22.    The unlawful activities of Defendants and the unnamed co-conspirators have been
2    within the flow of, and have had a direct, substantial, and reasonably foreseeable effect on
3    interstate and international commerce, between various airports in the United States and Korea.

4    23.    Defendants are two of the largest providers of Air Passenger Services in the
5    United States and the world. Korean Air is the largest passenger carrier from the United States to
6    Korea, and averages more than $250 million per year on those flights. Korean Air and Asiana do
7    business in California, including the sale of international Air Passenger Services.

8    24.    On August 1, 2007, the United States Department of Justice issued a press release
9    stating, among other things, that Korean Air agreed to plead guilty and pay a $300 million
10   criminal fine for its role in a conspiracy to fix the price of passenger flights to and from the
11   United States and Korea. Korean Air stated it was cooperating with the Department of Justice in
12   its ongoing investigation into the industry.

13                                **VIOLATIONS ALLEGED**

14   25.    Beginning at least as early as January 1, 2000 and continuing continuously
15   thereafter until at least July 16, 2006 ("Class Period"), the exact date being unknown to Plaintiffs,
16   Defendants conspired or combined for the purpose of and with the effect of instituting, raising,
17   fixing, maintaining or stabilizing the price of passenger air fares between the United States and
18   Korea and certain surcharges for Air Passenger Services between the United States and Korea
19   purchased by the Class.

20   26.    Defendants and their co-conspirators entered into and engaged in a combination or
21   conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and
22   Section 4 of the Clayton Act.

23   27.    The combination or conspiracy resulted in an agreement, understanding or
24   concerted action between and among Defendants and their co-conspirators in furtherance of
25   which Defendants instituted, fixed, maintained, raised or stabilized prices for Air Passenger
26   Services between the United States and Korea. Such contract, combination, or conspiracy
27   constitutes a *per se* violation of the federal antitrust laws and is an unreasonable and unlawful
28   restraint of trade.

6

1    28.    Defendants and their co-conspirators' combination, agreement, understanding or
2    concerted action occurred in or affected interstate and international commerce.  Defendants and
3    their co-conspirators' unlawful conduct was through mutual understandings or agreements by,
4    between and among themselves.

5    29.    As part of their conspiracy, and in furtherance thereof, Defendants and their co-
6    conspirators did those things that they conspired to do, including the following:

7            a.    Participating in meetings, conversations and communications in the United
8                  States and elsewhere to discuss one or both components of  passenger air
9                  fares (both the base fare and the fuel surcharge) to be charged for flights
10                 between the United States and Korea;

11           b.    Agreeing during such meetings, conversations and communications, on
12                 one or both components of the passenger air fares (both the base fare and
13                 the fuel surcharge) to be charged for flights between the United States and
14                 Korea;

15           c.    Levying passenger air fares on flights between the United States and Korea
16                 in accordance with the agreements reached; and

17           d.    Monitoring and enforcing the agreed-upon rates to be charged for air fares
18                 between the United States and Korea.

19   30.    Defendants and their unnamed co-conspirators participated in one or more overt
20   acts in furtherance of the conspiracy. Defendants and their unnamed co-conspirator are jointly
21   and severally liable for all damages caused by the conspiracy.

22   31.    As a direct and proximate result of the unlawful conduct of the Defendants and
23   their co-conspirators in furtherance of their continuing contract, combination, or conspiracy,
24   Plaintiffs and other members of the class have been injured in their business and property in that
25   they have paid more for Air Passenger Services than they would have paid in the absence of
26   Defendants and their co-conspirators' price fixing.

27                                    **EFFECTS**

28   32.    The conspiracy alleged herein had the following effects, among others:

7

a.    Prices charged to Plaintiffs and the Class for Air Passenger Services were raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

b.    Plaintiffs and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Air Passenger Services;

c.    Competition in establishing the prices paid in the United States and worldwide for Air Passenger Services have been unlawfully restrained, suppressed and eliminated; and

d.    As a proximate result of Defendants' unlawful conduct, Plaintiffs and the Class have suffered injury in that they have paid supra-competitive prices for Air Passenger Services.

33.    By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiffs and the members of the Class have sustained injury to their business or property.    The injury sustained by the Plaintiffs and the Class is the payment of supra-competitive prices for Air Passenger Services as a result of Defendants' illegal contract, combination, or conspiracy to restrain trade as alleged.

## FRAUDULENT CONCEALMENT

34.    Plaintiffs had no knowledge of the combination and conspiracy alleged herein, or of any facts that might have led to the discovery thereof in the exercise of reasonable diligence, prior to Wednesday, August 1, 2007, when the United States Department of Justice issued a press release stating that Korean Air had agreed to plead guilty and pay a $300 million fine for its role in a conspiracy to fix fares charged passengers and certain travel agents for flights from the United States to Korea from January 2000 until July 2006.

35.    Plaintiffs could not have discovered the existence of the combination and conspiracy alleged herein at an earlier date by the exercise of reasonable due diligence because of the deceptive practices and techniques of secrecy employed by Defendants and their co-conspirators to avoid detection and affirmatively conceal such violations including, without limitation, falsely attributing Air Passenger Services price increases to the rising cost of jet fuel.

1  Defendants and their co-conspirators also falsely informed their customers that they were unable
2  to lower Air Passenger Services prices due to the increased cost of jet fuel.

3      36.    Plaintiffs had no reason to disbelieve these statements which on their face
4  appeared to be reasonable explanations for the pricing of Air Passenger Services. Furthermore,
5  most of the explanations provided by Defendants involved non-public and/or proprietary
6  information completely in Defendants' control such that Plaintiffs and members of the class
7  could not verify their accuracy. Defendants' purported reasons for the price increases of Air
8  Passenger Services were materially false and misleading and were made for the purpose of
9  concealing Defendants' anti-competitive scheme as alleged herein. In truth, at all relevant times,
10 the price of Air Passenger Services was artificially inflated and maintained as a direct result of
11 the Defendants' anti-competitive scheme, the operation of which was a substantial (but
12 undisclosed) factor in the pricing of Air Passenger Services during the Class Period.

13     37.    As a result of the fraudulent concealment of the conspiracy, Plaintiffs assert the
14 tolling of the applicable statute of limitations affecting the causes of action by Plaintiffs and the
15 members of the Class.

16                                      **DAMAGES**

17     38.    During the Class Period, Plaintiffs and the other members of the class purchased
18 Air Passenger Services directly from Defendants, or their subsidiaries, agents, and/or affiliates,
19 and, by reason of the antitrust violations herein alleged, paid more for such products than they
20 would have paid in the absence of such antitrust violations. As a result, Plaintiffs and the other
21 members of the Class have sustained damages to their business and property in an amount to be
22 determined at trial.

23                                 **PRAYER FOR RELIEF**

24     WHEREFORE, the Plaintiffs requests:

25          (1)    That the Court determine that this action may be maintained as a
26 class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that
27 Plaintiffs be denominated as class representatives and Plaintiffs' counsel be appointed as counsel
28 for the Class;

9

CLASS ACTION COMPLAINT

1        (2)     That the unlawful combination or conspiracy alleged in this

2  Complaint be adjudged and decreed to be an unreasonable restraint of trade or commerce in

3  violation of Section 1 of the Sherman Act;

4        (3)     That Plaintiffs and the Class recover compensatory damages, as

5  provided by law, determined to have been sustained as to each of them, and that judgment be

6  entered against Defendants on behalf of Plaintiffs and of the Class;

7        (4)     That Plaintiffs and the Class recover treble damages, as provided

8  by law;

9        (5)     That Defendants, their affiliates, successors, transferees,

10  assignees, and the officers, directors, partners, agents and employees thereof; and all other

11  persons acting or claiming to act on their behalf, be permanently enjoined and restrained

12  from, continuing, maintaining or renewing the contract, combination or conspiracy alleged

13  herein, or from engaging in any other contract, combination or conspiracy having a similar

14  purpose or effect, and from adopting or following any practice, plan or device having a similar

15  purpose or effect.

16        (6)     That Plaintiffs and the Class recover their costs of the suit,

17  including reasonable attorneys' fees, as provided by law; and

18        (7)     That Plaintiffs and the Class be granted such other and further

19  relief as the Court deems just.

20                    **DEMAND FOR JURY TRIAL**

21      Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Constitution of the

22  United States, Plaintiffs demand a trial by jury of all issues so triable.

23  DATED: September 20, 2007          SAVERI & SAVERI, INC.

24

25                             Guido Saveri (22349)

26                             R. Alexander Saveri (173102)
                               Cadio Zirpoli (179108)

27                             111 Pine Street, Suite 1700
                               San Francisco, CA 94111

28                             Telephone: (415) 217-6810

10

1

2

3

4

Randy Renick (179652)
LAW OFFICES OF RANDY RENICK
The Marine Building
128 N. Fair Oaks Ave.
Pasadena, CA 91103
Telephone: (626) 585-9608

5

6

7

Steven Serratore (144252)
SERRATORE-AMES LLP
9595 Wilshire Blvd., Suite 201
Beverly Hills, CA 90212
Telephone: (310) 205-2460

8

Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

CLASS ACTION COMPLAINT